AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
## DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.                                              **ORDER OF DETENTION PENDING TRIAL**

<u>CRAIG N. JARRETT</u>                          Case Number: 10-MJ-8008-01
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: January 20, 2010                          s/ David J. Waxse
                                                 *Signature of Judicial Officer*

                                                 DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
                                                 *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Craig N. Jarrett
Criminal Action 10-mj-8008-01-DJW

## Part II - Written Statement of Reasons for Detention

There are a series of factors I have to consider to determine whether there are conditions of release that will both assure your appearance and the safety of the community.

The first is the nature and circumstances of the offense charged, including whether it is a crime of violence. Any illegal possession of a firearm has been legally determined to be a crime of violence. This case obviously involves a firearm, which is a negative factor.

The next factor is the weight of the evidence against the person. There has previously been a probable cause determination which is a negative.

The next factor is your character, which includes your physical and mental condition. There is no problem with your physical condition. There are some issues about whether you have received the appropriate mental treatment.

Family ties are clearly positive.

Employment is non-existent, which is a negative.

The next factor is your financial resources. It does not appear that you personally have resources that will enable you to flee, so that would be a positive.

Length of residence in the community is a positive.

Community ties are positive.

The next factor is your past conduct, which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, which are all negative.

The next factor is whether at the time of the current offense or arrest you were on probation, parole, or other release. Technically you were, which is a negative.

The final factor is the nature and seriousness of the danger to the community if you are released. I have not been presented with anything that shows you have caused a great deal of harm to the community; most

of the harm has been to yourself. I think there are conditions I could set but, based on the overall review of these factors, I do not have any confidence that you are suddenly going to start doing what you are supposed to do. For all those reasons you are going to remain detained.